UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAMIRO ANDRES LUQUE FLORES,

Petitioner,

v. Case No.: 3:26-cv-1125-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.
_____________________________________/

**ORDER**

Petitioner Ramiro Andres Luque Flores, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) on May 4, 2026. In 2017, Flores, a citizen of Argentina, entered the United States on a B-2 visa for tourism; Flores overstayed his visa. Doc. 5-1 at 13. On April 16, 2021, Flores was convicted in the United States District Court for the Eastern District of New York of Conspiracy to Defraud the United States. Id. at 17. As a result, he received a Final Administrative Removal Order on June 18, 2021. Id. at 16. An immigration judge subsequently granted Flores's application for withholding of removal to Ecuador and Argentina. Id. at 13. On January 14, 2026, United States Immigration and Customs Enforcement (ICE) detained Flores. Id.

In the Petition, Flores argues that his continued detention is unlawful because ICE has detained him beyond the presumptively reasonable removal period and ICE is not likely to remove him in the foreseeable future. See Doc. 1 at 6–7. On June 4, 2026, Respondent Warden filed a Motion to Dismiss (Doc. 4), arguing he is not a proper respondent in this case. The Federal Respondent filed a Response (Doc. 5), arguing that the Court should dismiss the Petition as premature because Flores's detention had not exceeded 180 days when he filed the Petition.

First, to the extent Flores argues he is entitled to a bond hearing under 8 U.S.C. § 1226, his claim is without merit. Flores is subject to a final order of removal. Therefore, he is detained pursuant to 8 U.S.C. § 1231, not § 1225 or § 1226, and he is not entitled to a bond hearing at this time. See 8 U.S.C. 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); see also De La Teja v. United States, 321 F.3d 1357, 1363 (11th Cir. 2003) ("Because a final removal order has been entered, [petitioner] is no longer being detained pursuant to § 1226(c), which governs only detention prior to a final removal order. Instead, he is being detained now pursuant to a wholly different statute, . . . 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal.").

Second, insofar as Flores raises a claim pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), it is premature. In Zadvydas, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Id. at 690. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Here, Flores was taken into ICE custody on January 14, 2026, and he filed his Petition on May 4, 2026. At the time he filed this case, he had been detained for 110 days. Although Flores has now been detained for

approximately 8 months, his Zadvydas claims was not ripe at the time he filed the Petition.

Accordingly, it is **ORDERED**:

1. Flores's Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. Respondent Warden's Motion to Dismiss (Doc. 4) is **DENIED as moot**.

3. Flores's Motion to Expedite (Doc. 6) is **DENIED as moot**.

4. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

5. The **Clerk** shall send Flores a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 31st day of August, 2026.

Marcia Morales Howard
MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/31
c:
Ramiro Andres Luque Flores, #A209910004
Counsel of record